# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICK MUNOZ,** | 1:16-CV-01103-LJO-MJS |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET AL.,** | |
| Defendants. | |

## I. PRELIMINARY STATEMENT

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. SCREENING REQUIREMENT AND STANDARD.

Plaintiff Rick Munoz, a former state prisoner represented by counsel, brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act § 504 ("RA"). Plaintiff's complaint, filed on July 29, 2016, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying

the plausibility standard. *Id.*

## III. PLAINTIFF'S ALLEGATIONS.[1]

Plaintiff brings claims against the California Department of Corrections and Rehabilitation ("CDCR"), Janina Meissner-Frisk ("Frisk") in her official capacity as a physician/surgeon at Valley State Prison, and Does 1-50. (Complaint ("Compl.") ¶¶ 10-18, ECF No. 1.) He alleges violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 as to Defendant Frisk and Does 1-50, violations of the ADA, 42 U.S.C. § 12101, *et seq.*, and RA § 504 as to all Defendants, and general negligence under California state law as to Frisk and Does 1-50.

During the relevant period, Plaintiff was an inmate under the care of CDCR. (*Id.* ¶ 20.) Plaintiff is not currently in custody. (*Id.*) Plaintiff suffers from a permanent physical impairment to his right knee, which substantially limits his major life activities. (*Id.* ¶ 59.) Plaintiff had a knee disability prior to the alleged events, but was otherwise fit and healthy. (*Id.* ¶ 21.)

Prior to July 31, 2015, CDCR issued a chrono requiring that Plaintiff be assigned to a low bunk. (*Id.* ¶ 22.) The purpose of assigning Plaintiff to a low bunk was to minimize the risk that he would fall from an upper bunk due to his disability. (*Id.*) According to the Complaint, "[a] low bunk chrono may not be rescinded without a personal interview and an individualized assessment of the person's current condition." (*Id.* ¶ 23.) On or about July 31, 2015, Defendant Frisk rescinded Plaintiff's low bunk chrono without conducting a personal review or completing an individualized assessment of Plaintiff's current condition. (*Id.* ¶ 24.) On August 1, 2015, while attempting to use an upper bunk, Plaintiff fell onto his right knee, thereby exacerbating the damage to it. (*Id.* ¶ 25.) Plaintiff reported the knee injury to Defendants. (*Id.* ¶ 26.) Defendant Frisk acknowledged Plaintiff's knee injury and told him that he needed surgery. (*Id.*) However, Doe health care providers reassured Plaintiff that he did not need surgery, and told Plaintiff to get "the tests" when he was released from custody. (*Id.* ¶ 27.) Plaintiff did

---

[1] The Court assumes as true the following facts, which are drawn from Plaintiff's complaint.

not receive the surgery while in custody, but anticipates that it will be required to repair the damage from the fall. (*Id* ¶ 29.) Although Plaintiff alleges that the "injuries result[ed] in some permanent disability to him," the extent of damage to Plaintiff's knee resulting from the fall has not been ascertained yet. (*Id.* ¶¶ 30, 49.)

**A.      First Cause of Action: 42 U.S.C. § 1983: Eighth Amendment**

Plaintiff alleges that Defendant Frisk and Does violated his Eighth Amendment rights by: (1) rescinding the chrono requiring that he be assigned to a low bunk, and (2) failing to schedule knee surgery after he injured his knee falling from the top bunk.

**1.      Conditions of Confinement: Reassignment to Top Bunk**

Plaintiff alleges that by rescinding Plaintiff's lower bunk chrono, Defendant Frisk violated his Eighth Amendment right to be free from inhumane conditions of confinement by failing to protect him from unsafe conditions.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

To state a claim for failure to protect, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 834; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. Cty. of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a

defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *see also Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442.

Assuming, without deciding, that Plaintiff has pled a serious medical condition, Plaintiff has not stated any facts to suggest that Defendant Frisk acted with deliberate indifference to a substantial risk of serious harm when she retracted the lower bunk chrono. Plaintiff states only that Defendant Frisk retracted the chrono "without either a personal interview or an individualized assessment of Plaintiff's current condition." (Compl. ¶ 24.) Plaintiff does not allege sufficient facts to show that Defendant Frisk was "aware of the reasons for the medical chrono" or the "dangers from disregarding it." *Smith v. Pina*, No. 1:11-CV-1651-LJO-MJS, 2012 WL 2617598, at *2-3 (E.D. Cal. May 24, 2012), *report and recommendation adopted*, No. 1:11-CV-1651-LJO-MJS, 2012 WL 2605004 (E.D. Cal. July 5, 2012). Plaintiff alleges that Defendant Frisk acted with deliberate indifference in conclusory terms, but pleads no facts to suggest that Defendant Frisk acted intentionally, as opposed to negligently or by mistake.

Furthermore, Plaintiff's claim that Defendant Frisk "had a duty to know, and should have known" of the serious risk associated with in assigning Plaintiff to an upper bunk is insufficient as a matter of law. (Compl. ¶ 45.) "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Toguchi*, 391 F.3d at 1057 (quoting *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff's claim that Defendant Frisk "should have known" of the risk to Plaintiff is insufficient to indicate that she knew that a substantial risk of serious harm in fact existed. *Id.* Plaintiff has not adequately alleged that Defendant Frisk acted with deliberate indifference in retracting the lower bunk chrono. Accordingly, the Court DISMISSES WITH LEAVE TO AMEND Plaintiff's Eighth Amendment conditions of confinement claim.

    **2.**    **Denial of Medical Care: Knee Injury**

1    Plaintiff also alleges that he was deprived of medical care in violation of the Eighth Amendment.
2 (Compl. ¶ 47.) The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment
3 forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an
4 action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard—that
5 the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective
6 standard—deliberate indifference. *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294,
7 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate
8 indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

9    Assuming, without deciding, that the re-injury of Plaintiff's knee constituted a serious medical
10 need, Plaintiff has not alleged sufficient facts to indicate that Defendant Frisk was deliberately
11 indifferent in failing to ensure that he received knee surgery. "Mere delay of surgery, without more, is
12 insufficient to state a claim of deliberate medical indifference . . . unless the denial was harmful."
13 *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff does not
14 adequately allege that the delay in surgery resulted in *further* harm to his knee. *Ellis v. Tilton*, No.
15 107CV01351LJOWMWPC, 2009 WL 89196, at *4 (E.D. Cal. Jan. 12, 2009) ("To establish a claim of
16 deliberate indifference arising from delay, a plaintiff must show that the delay was harmful"). Although
17 Plaintiff alleges, on information and belief, that the injuries he sustained from falling off the top bunk
18 "result[ed] in some permanent disability to him," (Compl. ¶ 49), Plaintiff also admits in the Complaint
19 that he does not know the extent of the damage to his knee as a result of the fall, (Compl. ¶¶ 29-30). At
20 most, the Complaint suggests that Defendant Frisk was negligent in failing to ensure that Plaintiff
21 received further medical care for his knee injury. "Mere 'indifference,' 'negligence,' or 'medical
22 malpractice' will not support this cause of action" under § 1983. *Broughton v. Cutter Labs.*, 622 F.2d
23 458, 460 (9th Cir. 1980) (*citing Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). *See also Toguchi*, 391
24 F.3d at 1060 (9th Cir. 2004).

25    Furthermore, the Complaint indicates that there may have been a difference in medical opinion

6

between Defendant Frisk, who Plaintiff alleges told him that he needed corrective surgery, and other unidentified health care employees,[2] who told him that his knee condition did not require surgery. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Accordingly, the Court DISMISSES WITH LEAVE TO AMEND Plaintiff's Eighth Amendment medical claim.

B.     **Second Cause of Action: ADA Claims**

Plaintiff alleges Defendants CDCR and Frisk failed to accommodate Plaintiff properly for his knee disability. Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Id.*

Title II of the ADA applies to inmates within state prisons. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996). "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff's ADA claim based on Defendant Frisk's rescinding his lower bunk chrono fails for the same reason his § 1983 claim regarding the lower bunk chrono fails. In both cases, Plaintiff must show

---

[2] If Plaintiff believes that unnamed Does were responsible for his inadequate medical treatment, he must allege facts to support that claim, including a description of those Does and their duty to act, in an amended pleading. *Paramo v. Fresno Cty. Jail*, No. 1:14-CV-00966-MJS PC, 2014 WL 4344851, at *2-3 (E.D. Cal. Aug. 29, 2014) ("If Plaintiff believes that Doe # 1 is responsible for the delay, he must include in any amended pleading the facts which he believes support the claim and, if he cannot identify Doe # 1 by name, describe him or her and his/her duty to act. Eventually, Plaintiff will have to discover the identity of and personally name Doe # 1. A Doe defendant cannot be served unless and until the plaintiff names him or her in an amended pleading.")

that Defendants acted with "deliberate indifference" to Plaintiff's disability. As explained above, Plaintiff does not allege that Defendant Frisk was aware of the reasons for the chrono or the dangers in rescinding it. *Smith*, 2012 WL 2617598, at *2-3. Because Plaintiff has not sufficiently alleged that any Defendant was deliberately indifferent to his disability his ADA claim fails. *See Cintron v. Cal. Dep't of Corr.*, No. 1:11-CV-00496-MJS PC, 2012 WL 2520876, at *6 (E.D. Cal. June 28, 2012) (plaintiff's failure to "allege facts plausibly claiming actionable denial of medical treatment" was fatal to his Eighth Amendment § 1983 claims, as well as his ADA claims) (internal quotation marks and citations omitted). Accordingly, the Court DISMISSES WITH LEAVE TO AMEND Plaintiff's ADA claim.

**C.     State Law Claims**

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Notrica v. Bd. of Supervisors of Cty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991). As discussed above, this Court dismisses the first and second causes of action, the only federal claims in this lawsuit. Accordingly, this Court DECLINES to exercise supplemental jurisdiction over the state law claims and will not address them at this time.

**IV. CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Complaint is dismissed, with leave to amend;

2.     Within thirty days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, not to exceed twenty-five pages, excluding exhibits, or a notice of voluntary dismissal; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 26, 2016**            /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE