UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUNOZ,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 1:16-cv-01103-LJO-JLT (PC)<br><br>ORDER AFTER INFORMAL TELECONFERENCE RE: DISCOVERY DISPUTE |

Due to a dispute over setting the depositions of the defendants, the Court held an informal, teleconference to attempt to resolve the matter on May 30, 2018. Before this occurred, the defendants filed an emergency motion related to the depositions and sought a stay to prevent the depositions from going forward until the Court could rule on the motion. (Doc. 23)

As it turns out, the deposition of the individual defendant, Dr. Meissner-Frisk cannot go forward because she is on medical leave and is not expected to return to work until mid-July. Thus, counsel agreed that this deposition will be postponed until her return to work.

As to the entity, the deposition notice failed to comply with Fed. R. Civ. P. 30(b)(6) which requires the areas for examination to be described with "reasonable particularity." Thus, the Court was unable to assist in scheduling the deposition of the entity until the attorney for the CDCR could investigate whom the entity would designate to testify. Plaintiff's counsel agreed he

would email a list of topics to opposing counsel by the end of the day.  Thus, the Court **ORDERS**:

    1.    The depositions of Dr. Meissner-Frisk **SHALL** be completed by August 17, 2018. Counsel for Dr. Meissner-Frisk **SHALL** notify Dr. Meissner-Frisk of the deposition and coordinate with her and counsel for the plaintiff to select a mutually convenient date;

    2.    **<u>No later than June 6, 2018</u>,** Counsel **SHALL** make best efforts to select a convenient date for the deposition of the CDCR.  The Court anticipates the deposition will occur **<u>no later than June 15, 2018</u>**.  Within four business hours after the date is selected by counsel jointly, counsel for the plaintiff **SHALL** serve a notice of the deposition via email to counsel for the CDCR.  The CDCR may serve objections to the notice via email at least 24 hours before the deposition begins.[1]

    3.    The Court finds the emergency motion (Doc. 23) to be moot/unripe and, on that basis, it is **DENIED without prejudice**.  Other than its comments that the deposition notice failed to provide proper notice of the categories for testimony, the Court makes no other findings as to the other objections set forth in the emergency motion. However, the Court encourages the plaintiff's attorney to review the motion and the applicable legal authorities and to make whatever corrections to the deposition notice he feels are necessary to make it comply with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

    Dated:   **May 31, 2018**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Based upon the agreement of counsel as to how they would proceed as to setting the deposition of the CDCR, the Court will find that objections to timeliness of the deposition notice may not be raised.