UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUNOZ,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 1:16-cv-01103-LJO-JLT (PC)<br>ORDER GRANTING REQUEST FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS<br>(Doc. 30) |

For various reasons, discovery in this case has not been completed as expected. (See Docs. 20, 25, 29) As a consequence, and at the parties' request, the Court has had to modify the case schedule to extend certain specific deadlines.[1] Now, the defendants seek an extension of time to file dispositive motions. (Doc. 30)

The defendants note that discovery will not be completed until the plaintiff takes the deposition of Dr. Meissner-Frisk. (Doc. 30 at 3) The deadline to complete this deposition is August 15, 2018. Id. The defendants wish to defer filing their dispositive motion until this deposition is completed. Id. Because this witness is the only individual defendant, her testimony is likely to be key to both the motion and the opposition.

---

[1] The defendants seem to take the position that the Court will sua sponte modify case deadlines. The Court will consider amending only the case deadlines placed at issue by the parties and only the ones they seek to have modified.

1

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

It appears that though the parties have sought discovery, the lack of cooperation between

counsel has stymied this effort to a large extent.[2] While neither side has been particularly diligent in discovering this case, at issue is not a discovery deadline, but the deadline by which the dispositive motion must be filed. To this end, the Court has no information that the defendants could have or should have filed their dispositive motion earlier. Likewise, though the plaintiff has detailed the extensive acrimonious history between counsel (Doc. 31), he identifies no prejudice he would suffer if the Court amends the dispositive motion deadline. Given this, the request to extend the dispositive motion deadline is **GRANTED**. Any dispositive motions **SHALL** be filed no later than **September 14, 2018.**

**Absolutely no other case deadlines are amended. In addition, the Court anticipates that it will not amend any other case deadlines in the future. Thus, the parties SHALL redouble their efforts to comply with the current case deadlines.**

IT IS SO ORDERED.

Dated: **July 9, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[2] Though the Court expects cooperation and civility when setting depositions, if a party cannot get a "cleared date" for a deposition, the party may set it unilaterally. However, counsel are encouraged to act as professionals and to extend the courtesy they each would hope to receive in return. As to Dr. Meisner-Frisk, the Court specifically extended the time for taking her deposition for a month after her return from medical leave to ensure that a convenient date could be obtained once Dr. Meisner-Frisk returns to work. Toward, this end, the defendants' attorney **SHALL** notify the plaintiff's attorney of available deposition dates **no later than July 20, 2018**.

3