UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUNOZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and JANINA MEISSNER-FRISK, D.O.,<br><br>Defendants. | 1:16-cv-01103-LJO-JLT (PC)<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT (Doc. 40) |

## I. INTRODUCTION

This case concerns claims brought by Rick Munoz against the California Department of Corrections and Rehabilitation ("CDCR") and Janina Meissner-Frisk, D.O. Plaintiff alleges that Defendants' treatment of Plaintiff's knee injury violated his civil rights under 42 U.S.C. § 1983, violated the Americans with Disabilities Act and Rehabilitation Act, and constituted general negligence. Doc. 7. Plaintiff seeks additional time to conduct expert discovery in support of his opposition to summary judgment. For the reasons stated below, Defendants' motion for summary judgment will be DENIED without prejudice, so that Plaintiff may conduct additional expert discovery.

## II. BACKGROUND

Defendants filed their motion for summary judgment on October 1, 2018, after seeking and receiving two extensions on their dispositive motion deadline. Docs. 33, 39, 40. Plaintiff was granted an extension to file his opposition. Doc. 44. Plaintiff filed his opposition on October 24, 2018. Doc. 45. Plaintiff filed a supplemental opposition to summary judgment the next day, adding arguments

1

inadvertently omitted from the original opposition. Doc. 46. Defendants filed their reply and an opposition to Plaintiff's request to conduct and complete expert discovery on November 1, 2018. Docs. 47-48. Defendants were granted two extensions to file their reply to Plaintiff's objections to undisputed facts and their objections to Plaintiff's statement of facts, which was filed on November 6, 2018. Doc. 53.

### III. DISCUSSION

Federal Rule of Civil Procedure 56(d) allows a party opposing summary judgment to seek a continuance if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[1] *See also* Local Rule 260(b) ("If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.").

"To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id.* at 1129–30 (quoting *Chance v. Pac–Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001)). The Ninth Circuit has held that district courts should grant a Rule 56(d) motion "fairly freely" when the moving party seeks summary judgment before the non-moving party has had a realistic opportunity to pursue discovery relating to its theory of the case. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d

---

[1] "Effective December 1, 2010, Federal Rule of Civil Procedure 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change. *See* Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ('Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).')." *Edwards v. Ford Motor Co.*, No. 11-CV-1058-MMA BLM, 2012 WL 8305593, at *1 (S.D. Cal. June 13, 2012).

2

767, 773 (9th Cir. 2003); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)); *Church of Scientology of S.F. v. I.R.S.*, 991 F.2d 560, 562 (9th Cir. 1993), *vacated in part on other grounds*, 30 F.3d 101 (1994) ("In general, a denial of a Rule 56(f)application is disfavored where the party opposing summary judgment makes a timely application which specifically identifies relevant information, and where there is some basis for believing that the information sought actually exists."); *see also Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416-17 (9th Cir. 1987) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation marks and citation omitted).

Plaintiff requests the Court deny Defendants' motion for summary judgment to allow Plaintiff additional time to conduct expert discovery in support of his opposition. Specifically, Plaintiff requests 45 days to obtain expert opinion testimony on various aspects of his injury and the treatment he received. *See* Doc. 45-6 ¶¶ 9-15. Plaintiff's attorney states in a declaration that he intended to offer such expert testimony within the ordered expert disclosure deadline of December 4, 2019. *Id.* ¶¶ 6-7. Defendants oppose Plaintiff's request, and respond that Plaintiff has known of his claims, was dilatory in engaging a medical expert, and offers insufficient explanation for his delay in retaining such an expert. Doc. 48 at 3-4. Defendants also contend Plaintiff provided insufficient justification for this request. *Id.*

Plaintiff clearly has been aware of the nature of his claims and his need to retain an expert for trial for some time. Plaintiff provides minimal explanation why he was prevented from obtaining this expert evidence prior to summary judgment. This Court previously requested both parties redouble their efforts to comply with current case deadlines. Doc. 33. And both parties have been granted extensions

on their summary judgment papers. Docs. 33, 39, 44, 51, 52.

Nevertheless, the Court will deny Defendants' motion for summary judgment without prejudice and grant Plaintiff's request for a 45-day extension to conduct additional discovery. *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund*, 353 F.3d at 1129. Plaintiff's application was filed with his opposition, which was timely in accordance with the extension granted. Counsel's declaration indicates that Plaintiff intends to offer expert testimony as related to the standard of care for diagnosis and treatment (*e.g.*, "that it is below the standard of care to accept without question a finding by a consultant that no ACL tear exists in a knee that demonstrates an ACL tear in an recent MRI"), as well as testimony related to Plaintiff's disability. Doc. 45-6 ¶¶ 9-15. While Plaintiff does not identify the names of the expert(s) he intends to retain, his attorney represents that he can offer this testimony, and it is reasonable to believe he will be able to do so. *Id.* This expert testimony may create a disputed fact as to key issues and prevent summary judgment, including regarding the causes and extent of Plaintiff's knee injury and impairment, the risk of harm to Plaintiff because of the injury, and the proper standard of care for a reasonably careful medical professional in these circumstances. And, practically speaking, trial is well over a year away.

Under the circumstances, the Court will deny Defendants' motion without prejudice and allow them to renew after necessary expert discovery is completed, as set forth below. *See Hoffman v. Tonnemacher*, No. CIV F 04 5714AWI DL, 2005 WL 1383186, at *3 (E.D. Cal. June 7, 2005) ("Because there remains a significant amount of discovery time under the scheduling order and expert medical evidence is necessary to evaluate Dr. Tonnemacher's opinions, Plaintiff's Rule 56(f) motion will be granted."); *see also Garrett v. San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) ("It was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion."); *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) ("If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all

will constitute an abuse of discretion."); *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264-65 (10th Cir. 1984) (holding that trial court failed to exercise discretion where trial court did not rule on opposing party's Rule 56(f) affidavit before granting summary judgment against it); *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983) (summary judgment should not be granted while opposing party timely seeks discovery of potentially favorable information).

### IV. CONCLUSION AND ORDER

For the reasons stated above, Defendants' motion for summary judgment is DENIED without prejudice. Plaintiff shall have forty-five (45) days from electronic service of this Order to conduct additional expert discovery, after which time Defendants may renew their motion for summary judgment. Neither party should expect any further routine extensions to conduct discovery in support of their summary judgment briefing.

IT IS SO ORDERED.

Dated: **December 19, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE