# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICK MUNOZ,** | 1:16-cv-01103-LJO-JLT |
| **Plaintiff,** | **ORDER DENYING MOTION TO VACATE PRETRIAL PROCEEDINGS (ECF NO. 57), IMPOSING MEET AND CONFER REQUIREMENT, AND SETTING BRIEFING SCHEDULE RE PENDING MOTION FOR SUMMARY JUDGMENT (ECF No. 58)** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and JANINA MEISSNER-FRISK, D.O.,** | |
| **Defendants.** | |

The Court has received and reviewed Defendants' motion to vacate pretrial proceedings, ECF No. 57, which requests that the pretrial and trial dates in this case be vacated so that the Court can review and decide Defendants' simultaneously filed motion for summary judgment. The scheduling order in this case, ECF No. 14, set June 1, 2018 as the deadline for filing dispositive motions (other than any motion for summary judgment based on failure to exhaust administrative remedies). That deadline was later extended to September 30, 2018. ECF No. 39. Defendants filed their motion on October 1, 2018. ECF No. 40. On December 19, 2018, the Court denied the motion without prejudice, allowing Plaintiff 45 days to conduct additional discovery and indicating "after which time, Defendants may renew their motion for summary judgment." ECF No. 54 at 5. On January 31, 2019, even though the motion for summary judgment was no longer pending, Plaintiff filed a supplemental opposition,

1

revealing information from Plaintiff's expert. ECF No. 55. Defendants did not renew their motion for summary judgment until July 29, 2019. ECF No. 58.

Defendants assert that the filing of Plaintiff's supplemental opposition caused "confusion about the process" by which they should renew their motion for summary judgment. ECF No. 57. Defendants have not shown good cause to continue any dates in this case. The answer to any "confusion" is to contact the Court or opposing counsel, not to lie in wait for almost six months. The motion to vacate pretrial deadlines is DENIED.

Plaintiffs have requested that the Court strike the renewed motion for summary judgment as untimely. ECF No. 59. The Court treats Defendants' filings as a request to late-file a motion for summary judgment and GRANTS that motion for one reason in particular: If the motion is meritorious, it will save scarce judicial resources by avoiding trial (or limiting its scope). However, as is this Court's normal practice in all regular civil cases, the Court will impose upon the parties an obligation to meet and confer about the content of any motion for summary judgment. That requirement, which normally demands the parties meet and confer before the filing of any motion for summary judgment, is modified as follows:

> With respect to any motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion. The purpose of the meeting shall be to: (1) avoid pursuing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of further briefing; (4) narrow the issues for review by the court; and (5) explore the possibility of settlement before the parties incur the expense of fully briefing a summary judgment motion. The moving party shall initiate the meeting, which must take place within **ten days** of the date of this Order.
>
> If the meeting reveals that the pending motion should be revised to limit the issues before the

1  Court, the parties are directed to file a stipulation outlining a briefing schedule that will result in all
2  briefing being complete on or before September 6, 2019. If the meeting does not result in the narrowing
3  of issues, Defendants shall file a notice indicating as much, and any opposition shall be due ten days
4  after the meeting takes place, with any reply due seven days thereafter. Under either circumstance, upon
5  expiration of the reply deadline, the Court will take the matter under submission on the papers pursuant
6  to Local Rule 230(g) and will issue a written ruling as soon as is practicable in light of the Court's
7  extraordinarily heavy case load.

IT IS SO ORDERED.

Dated: **August 5, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE