UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUNOZ | No. 1:16-cv-01103-LJO-JLT |
| Plaintiff, | |
| v. | ORDER SETTING BRIEFING SCHEDULE |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. Nos. 80–83) |
| Defendants. | |

On July 29, 2016, plaintiff Rick Munoz filed a complaint against defendants California Department of Corrections and Rehabilitation and Janina Meissner-Frisk, D.O. (collectively, "defendants"), asserting a claim under 42 U.S.C. § 1983 for denial of adequate medical care in violation of the Eighth Amendment; a claim under both the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") for denial of a disability accommodation; and a claim under state law for negligence. (Doc. No. 1.) On October 9, 2019, the court entered an order granting summary judgment in favor of defendants on plaintiff's two federal claims and declining to exercise supplemental jurisdiction over plaintiff's state law claim. (Doc. No. 65.) Plaintiff appealed the court's decision as it related to his claim brought under the ADA and RA but not as it related to his § 1983 claim. (Doc. No. 71.)

/////

1

In an opinion issued on January 7, 2021, the Ninth Circuit reversed this court's grant of summary judgment on plaintiff's ADA claim and remanded the matter to this court "to apply the proper standard to the question of whether [plaintiff] has a qualifying disability." (Doc. No. 80 at 3.) In addition, in the appellate proceedings, defendants had raised two alternative grounds upon which they contended they were entitled to summary judgment in their favor, arguing that 1) the decision to deny an accommodation is an unreviewable medical determination in this case, and 2) plaintiff cannot establish deliberate indifference on the part of the doctor who denied the accommodation. (Ninth Circuit Court of Appeals, No. 19-17292, Doc. No. 22.) The Ninth Circuit determined that defendants were not entitled to summary judgment on the alternative grounds they advanced on appeal, finding disputes of material fact as to both issues. (Doc. No. 80 at 3–5.)

Having reviewed and considered the relevant papers, including the parties' notice to the court that they are not in agreement on the current posture of the case (Doc. No. 82), the court finds that further briefing is necessary on the narrow issue of the remand. Specifically, the parties are directed to address whether, applying the proper standard under the ADA to the existing record, are defendants entitled to summary judgment on the issue of whether plaintiff has a qualifying disability? In addressing that issue, the court further instructs the parties to address whether any concessions in this regard were made on the record in the appellate proceedings in this case.

Accordingly:

1. Defendants are directed to submit briefing consistent with this order by April 5, 2021;
2. Plaintiff shall file his response by May 20, 2021; and
3. Defendants shall file their reply, if any, by July 6, 2021.

IT IS SO ORDERED.

Dated:  **February 22, 2021**                  _____
                                               UNITED STATES DISTRICT JUDGE